```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION
```

| UNITED STATES OF AMERICA | |
|---|---|
| | CRIMINAL ACTION |
| v. | NO. 1:11-CR-0234-1-CAP |
| SOLOMON MANASSEH MUSTAFA | |

**O R D E R**

This action is before the court on the report and recommendation (R&R) of the magistrate judge [Doc. No. 61], recommending the defendant's preliminary and perfected motions to suppress identification evidence [Doc. Nos. 26, 42] be denied. The defendant filed objections to the R&R [Doc. No. 67].

**I. Introduction**

Defendant Solomon Manasseh Mustafa is charged in a twelve-count indictment with violations of federal laws related to human trafficking, including but not limited to kidnaping, Mann Act violations, child enticement, receipt of child pornography and document servitude. Mr. Mustafa moved to suppress out of court identifications of him made by four alleged victims, all minors [Doc. No. 42]. The magistrate judge granted an evidentiary hearing and issued an order limiting the scope of the hearing to the eyewitness identification made by only one of the witnesses, DH [Doc. Nos. 49, 50]. The evidentiary hearing was held on January 10,

2012. After further post-hearing briefing, the magistrate judge issued the R&R recommending both the initial and amended motions to suppress the identifications be denied [Doc. No. 61].

Mr. Mustafa objects to the magistrate judge's findings in the R&R that the identification made by DH was not unduly suggestive and that it was reliable. Mr. Mustafa also objects to the denial by the magistrate judge of an evidentiary hearing to address the identifications made by DV, DW, and RA because the magistrate judge concluded they were not unduly suggestive.

## II. Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not

reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness. Powell, 628 F.3d at 1256-58.

**III. Analysis**

Due process prohibits witnesses from testifying about out-of-court identifications when there is a very substantial likelihood of misidentification. Neil v. Biggers, 409 U.S. 188, 198 (1972). A violation of due process occurs when, under "the totality of the circumstances," a confrontation procedure is "unnecessarily suggestive and conducive to irreparable mistaken identification." Simmons v. United States, 390 U.S. 377, 384 (1968); see also Perry v. New Hampshire, 132 S. Ct. 716, 718 (2012) ("[D]ue process concerns arise only when law enforcement officers use an identification procedure that is both suggestive and unnecessary."). If the identification procedure was not unduly suggestive, then that "ends the inquiry"; the evidence may be admitted. Williams v. Weldon, 826 F.2d 1018, 1021 (11th Cir. 1987).

If the procedures utilized were unduly suggestive, the court then considers whether, under the totality of the circumstances, "the identification was nonetheless reliable." United States v. Brown, 441 F.3d 1330, 1350 (11th Cir. 2006). Courts evaluate several factors to determine reliability: the opportunity of the witness to view the criminal, degree of attention, the accuracy of

3

a prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. See Biggers, 409 U.S. at 199–200; Perry, 132 S. Ct. at 725 n.5.

The defendant bears the burden of proving that the identification procedure used was "so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification," see Albert v. Montgomery, 732 F.2d 865, 871 (11th Cir. 1984), and only after the defendant meets this burden must the government show the identification was reliable independent of the suggestive procedure. Further, the Constitution does not require an evidentiary hearing in every case of a claimed improper identification. Brown, 441 F.3d at 1350 (citing United States v. Smith, 546 F.2d 1275, 1279–80 (5th Cir. 1976) ("An evidentiary hearing is not required where none of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested.")).

**A. Identification by DH**

With regard to the witness DH, the defendant objects both to the magistrate judge's finding that the identification was not unduly suggestive and that, even if it had been, it was nonetheless reliable. Mr. Mustafa's objection points out the following facts that he argues render the identification unduly suggestive: in the

photo-lineup, five of the six photographs had a bright blue background, while Mr. Mustafa's background was "much lighter in shade, different in color (green), and bordered by a black line that the other five photographs do not have," making it stand out to the witness; and the officers told DH they were investigating a similar incident and "We know who these people are," which according to Mustafa "effectively told DH that they had a suspect and expected DH to pick him out of the line-up." [Doc. No. 67 at 2].

After reviewing the record, the court reaches the same conclusion as the magistrate judge: DH's identification was not unduly suggestive. First, while the background and head-size of the defendant do slightly distinguish him from the other five photographs, there are far more similarities than differences, as described in painstaking detail by the magistrate judge in the R&R, [Doc. No. 61, at 34-35]. Simply because there are some slight differences in the images presented to the witness does not render the array impermissibly suggestive. See, e.g., United States v. Knight, 382 F. App'x 905, 907 (11th Cir. 2010) (finding differences in background lighting and complexion were not "stark enough so as to be unduly suggestive").

Moreover, the officers' comments that they were investigating similar incidents and had identified the people in the photo-array

did not unduly suggest any individual to DH. The comments did not suggest that any of the individuals in the array were under arrest or in custody, so there was no suggestion that DH should pick one of them out of the line-up. Any possible suggestiveness from these comments was deflated by the adequate warnings the officers provided DH before she chose the defendant. See R&R 31-32 [Doc. No. 61, at 33-34) (quoting from the evidentiary hearing, such as DH being told "these lineups may or may not contain the individuals we suspect").

Finally, even if the photo-array was unduly suggestive, the court also agrees with the magistrate judge that the identification was nonetheless reliable under the totality of the circumstances. See Biggers, 409 U.S. at 199–200. While the defendant argues DH did not have an opportunity to view her attacker at the exact time of the assault because she was blindfolded, this argument ignores the fact that DH spent hours with her assailant not blindfolded, including around fifteen minutes while he photographed her in her swimsuit and forty minutes while she rode in a car with him. The defendant argues DH's level of attention would have been "pretty low" because she was "in constant fear" and attempting to escape, but this is exactly the reason her attention was so focused during her long ordeal. Third, while the defendant objects that DH's prior description was "pretty generic," she provided details of her

assailant such as having a tattoo of flames on his forearm, cracked teeth, a pitted or pockmarked face, and the type of hats and shoes he wore. Fourth, she stated she was certain of her selection, although her certainty could have been prompted by the officers' comments. Fifth, there were only two weeks between the crime and the identification. Under the totality of circumstances, the court concludes the first three factors weigh heavily toward demonstrating DH's identification was sufficiently reliable to satisfy due process.

    **B.    Identifications by DW, DV, and RA**

The defendant generally objects to the denial of an evidentiary hearing to address the identifications of DV, DW, and RA.[1] The court denied the hearing because it concluded their identifications were not unduly suggestive; thus, no hearing was necessary to determine whether they were otherwise reliable. The court has reviewed the defendant's motion [Doc. Nos. 26, 42] and the government's response [Doc. No. 46], and it reaches the same conclusion as the magistrate judge. In each case, the defendant has

---

    [1] The defendant does not explain what portion of the magistrate judge's reasoning was incorrect. Instead, he "restates and reincorporates by reference" his previous arguments made in his motion with respect to the identifications made by the three witnesses. The motion relied heavily on procedures described in a special master's report released by the New Jersey Supreme Court, which is not binding on this court.

failed to meet his burden to show the identification procedures were unduly suggestive. Thus, no hearing was necessary.

**IV. Conclusion**

The court agrees with the magistrate judge's analysis and conclusions in the R&R, and the defendant's objections are without merit. Accordingly, the court receives the R&R with approval and ADOPTS it as the opinion and order of this court.

SO ORDERED, this 25th day of May, 2012.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge
